Edward Loyd JONES, Plaintiff in Error,

v.

The CITY OF TULSA, Oklahoma, Defendant in Error.

No. A–15055.

Court of Criminal Appeals of Oklahoma.
April 30, 1969.

Bob Funston, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Edward Loyd Jones, hereinafter referred to as defendant, was charged in the Municipal Criminal Court of the City of Tulsa, with a violation of city ordinance 163(a) for operating his motor vehicle at a speed greater than was reasonable and prudent under the traffic and weather conditions then and there existing.

The evidence adduced on the trial was in substance that the defendant was traveling north on Lewis Street in the City of Tulsa and that when he entered the intersection of 24th and Lewis, his vehicle was struck by an automobile being driven by Dr. John W. Orman. The point of impact was on the right side of the defendant's vehicle and the left front fender and bumper of Dr. Orman's vehicle. This collision occurred during a heavy rainstorm. Dr. Orman testified that he had stopped at the stop sign controlling the intersection of 24th and Lewis, for several minutes, and had not observed the defendant's vehicle; that he then proceeded into the intersection where the collision occurred.

This constituted the testimony upon which the State relied for conviction and thereafter the defendant demurred to the evidence, the court overruled the same, and fixed the judgment and sentence at a fine of $10.00 and costs.

The single assignment of error urged on appeal, that requires reversal, is that the evidence wholly failed to establish by direct testimony, or circumstantially, that the defendant was operating his automobile at a greater speed than was reasonable and prudent under the traffic and weather conditions then and there existing. With this contention we must agree since the record fails to disclose any direct or circumstantial evidence tending to indicate the speed in which the defendant was operating his vehicle at the time of the impact. Moreover, the evidence establishes that he had entered the intersection first and had the right of way for the stop sign controlling traffic was in Dr. Orman's lane. Dr. Orman admitted in his testimony that he had paid a fine for failure to yield the right of way.

Under these circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, reversed, with instructions to dismiss. Reversed and remanded with instructions to dismiss.